## Case No. 2,753.

### The CITY OF HARTFORD.

[11 Blatchf. 290.] [1]

Circuit Court, S. D. New York. Aug. 20, 1873. [2]

DECREE DIVIDING DAMAGES—INSUFFICIENT VALUE OF ONE VESSEL — RIGHT OF INJURED PARTY TO DEFICIENCY.

The C. and the U., two steam vessels, were held liable for the damages caused to the owners of a schooner, and also for the damages caused to the owners of the cargo on board of such schooner, by a collision between the C. and the schooner, the schooner being, at the time, in tow of the U., and the collision being due to the fault of both the C. and the U. The U., on her arrest, was discharged from custody, on a stipulation for her value, which was in an amount less than one-half of the damages awarded to the libellants: Held, that the libellants could recover against the C. only the one-half of the damages, and that they could not recover against her any deficiency in the value of the U. to make up the other half of such damages.

[Followed in The Alabama, Case No. 123. Cited in The Hudson, 15 Fed. 164.]
[See note at end of case.]

In admiralty. In this case a libel was filed, in the district court, by the owners of the schooner Alice S. Oakes against the steamboat City of Hartford, and the steam-tug Unit, and a separate libel by the owners of the cargo of said schooner, against the same two vessels, to recover for the loss of the schooner and of her cargo, by a collision between the schooner and the steamboat, the schooner being, at the time, in tow of the steam-tug. The district court decreed against the steamboat, in each case, and dismissed the libels as against the steam-tug [Case No. 2,748]. On appeal [Id. 2,752], the circuit court held the steamboat and the steam-tug to have been, both of them, in fault, for the collision, and decreed a contribution, by each, of one-half of the amount of the loss, but directed further argument on the question whether, as the value of the steam-tug was less than one-half of the damages sustained by the libellants, in the two cases, the libellants could have recourse to the steamboat, for the deficiency, in addition to recovering against the steamboat the one-half of such damages.

Joseph H. Choate and James C. Carter, for libellants.

Richard H. Huntley, for the City of Hartford.

Charles Donohue, for the Unit.

WOODRUFF, Circuit Judge. These cases having been heard upon the merits, and an opinion filed directing contribution by the steamboat City of Hartford and the steam-tug Unit, they are again heard, agreeably to the suggestion in that opinion [Case No. 2,-

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Reversed in The City of Hartford and The Unit, 97 U. S. 323.]

752], for the purpose of determining whether, in case the libellants shall be unable to collect so much as one-half of their loss from the steam-tug, (which appears to have been discharged from custody upon filing a stipulation for her value, which is less than one-half of such loss,) the steamboat City of Hartford shall be held liable for the deficiency.

It is suggested in behalf of the City of Hartford, that the Unit was discharged upon an appraisal to which the owners of the City of Hartford were not parties, and of which they had no notice; that, if the effect of a valuation of the Unit at less than one-half of the loss claimed by the libellants is permitted to prejudice the City of Hartford, a most unfair and dangerous precedent will be established; that, in cases of collision in which a third party claims to recover for an injury, there will be opportunity for collusion, and a temptation thereto; and that owners of cargo on board of one vessel, and owners of the tow, where, as in this case, one of the colliding vessels is a tug having vessels or barges in tow, are almost universally in sympathy with the tug or the vessel bearing their cargo, and they and their witnesses are usually found struggling to cast the whole responsibility upon the other colliding vessel, and may be expected to collude with the former against the latter. Observation and experience, no doubt, give some foundation for this apprehension; and, were there any evidence in this case that the tug Unit was of greater value than that for which the stipulation was given, it would be entitled to grave consideration. The rule in admiralty being well settled, that, where both of the colliding vessels are in fault each shall contribute one-half to make up the loss, it is clear that neither should, by appraisal and bond for value, to which the other is not a party, be permitted to evade payment of, or condemnation for, her full share. My conclusion, however, upon the principal question does not require that I should dwell further upon this point.

It is also suggested, that the property of the libellants in this case having been voluntarily placed in charge of the tug, for transportation, the libellants, in a legal sense, took the risk of the care and good management of the tug; that, in the admiralty, the fault of the tug placed the owners of such cargo, and of such tow, in the same relation to the City of Hartford as the tug was herself; that the rule in the admiralty requiring contribution in cases of mutual fault, is not, and ought not to be, affected by any inquiry into the ownership or title to the property on board of either vessel; that this view of the subject works no hardship, because, the owners of cargo on a vessel towed, and the owners of such vessel, may protect themselves by proper contracts, so that, if their property is lost by negligence on the part of the tug, they will have full indem-

nity, even though they may not obtain it through the contribution ordered; that such right to full indemnity was clear, without any special contract, before the passage of the act of congress of March 3, 1851 (9 Stat. 635) for the relief of ship owners; that that act was intended to leave them to bear the loss over and above the value of the vessel employed by them, and was not intended to cast a further or additional burthen upon the City of Hartford, in a case like the present, or to make it necessary that she pay any greater sum, as contribution to the loss, than if that act had not passed; that this is illustrated by supposing the libels had been filed against the owners of the Unit in personam, and against the City of Hartford in rem; that, the fault of both being proved, and contribution being ordered, it was not the intention of the act of congress to relieve the owners of the Unit in part, and thereby to cast the greater burthen on the owners of the City of Hartford, who, by the rules of the admiralty, ought to be compelled to pay one-half only; and that there is no hardship to the libellants, because they have their remedy against the master of the Unit for his negligence in this case, for any deficiency which contribution should leave unsatisfied, as his liability is not relieved by the act of congress.

The question whether, in case of collision between two vessels, caused by the faulty navigation or negligence of each, the rule that each shall bear one-half of the loss is an absolute measure and limit of the liability of each, does not appear to have been raised or decided in the supreme court of the United States, and I am advised of but one opinion upon the question in any court of admiralty in the United States. In the case of The Atlas [Case No. 633], in the district court for the eastern district of New York, the question is discussed, and the liability of the respective vessels was held to be, in admiralty, definitely limited to one-half the loss. In the affirmance of the decision in that case [Id. 634], it was only necessary to say, that a libellant could not, by proceeding against one of the offending vessels alone, deprive her owners of the right to such contribution from the other vessel, and of the means of enforcing it. The case of The Gregory and The Washington, in the supreme court, 9 Wall. [76 U. S.] 513, went no further than to hold it a decree of which a libellant could not complain, when he was required to exhaust his remedy by process of execution against each for one-half, before collecting more than half from either. There was, in that decree, an implied affirmance, that either would be liable for a deficiency, if one-half should not be collected from the other. But, as, in that case, both were abundantly adequate, and more than adequate, to the payment of the half charged on each respectively, the point made in the present case was wholly immaterial, and

does not appear to have been at all considered.

In this state of the adjudications here, I am disposed to follow the English court of admiralty, as authority on the question. It is important that such a question should be settled, and I am much impressed by the reasonableness of the rule as stated and commented upon by Dr. Lushington, in The Milan, 1 Lush. 388, which largely influenced the opinion of the district judge in the case of The Atlas, before referred to. If the rule in this country is to be settled contrary to the rule in England, it is fitting that it should be so declared by the court of last resort. It is not manifest that the owners of cargo, or of a tow, employing a vessel for carriage or towage, which is found guilty of fault producing a collision, ought, in equity, to stand in any better position, as against a colliding vessel, than the owners of the vessel conveying their cargo or towing their property. To require them to look solely to the vessel which they employ for their more complete indemnity, is recognizing their right to a full recovery, but entitling them to recover from each what each ought to contribute, while, as said by Dr. Lushington, it is not clear that justice requires that they be permitted to recover from one the whole amount of the damages occasioned by the act of both.

Let the decree be settled in conformity with these views.

[NOTE. From the final decree herein, appeals were taken by the Hartford & New York Steamboat Company, claimant of the steamboat, in both cases, and by Charles Robinson, the owner of the cargo, in the suit brought by him, and the decree was affirmed as to the finding of mutual fault by the steam vessels, and as to the award of damages and the division thereof, but as to the denial of the right of the libellant to recover more than a moiety against the steamboat, in the event of the inability of the tug to pay her share, the supreme court held, by Mr. Justice Clifford, that the libellant was entitled to be fully compensated for his loss, if the offending vessels were of sufficient value, and that, if the value of either vessel was insufficient to pay its share of the damages, then he might recover the deficiency from the other. The City of Hartford and The Unit, 97 U. S. 323.]